THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JAIME ALBERTO PÉREZ SUÁREZ, Defendant and Appellant.

No. 17073.   Decided September 1, 1961.

S. L. *Lagarde Garcés, Amadeo Nazario Janer,* and *José Rafael Gelpí* for appellant. *J. B. Fernández Badillo, Attorney General of Puerto Rico,* and *Nilita Vientós Gastón, Assistant Attorney General,* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo and Mr. Justice Dávila.

PER CURIAM.

The District Attorney of Mayagüez filed an information against defendant-appellant on August 6, 1959, charging him with assault with intent to commit murder. The hearing was set for November 18 of said year, but the Attorney General's office moved for a continuance because the prosecuting witness was still in the hospital on said date on account of the injuries inflicted by the defendant and was unable to appear. When the request for continuance was made counsel for the defense who was in court, made no objection. Defendant was in the court building but was not present when the case was called. The trial judge instructed the district attorney to state when the prosecuting witness would be able to appear and thus set a date for the hearing. In effect when the latter was discharged the hearing was set for January 13, 1960. The jury brought a verdict of aggravated assault and battery and the defendant was sentenced to two years' imprisonment in jail.

Of the errors assigned in the appeal filed, we shall discuss only the refusal of the court to order the dismissal of the case because more than 120 days had elapsed from the filing of the information—August 6, 1959—to the date of the hearing—January 13, 1960. The point for decision is whether there was just cause for the postponement of the hearing on November 18.

██ Defendant grounds his motion on the decision in *Pennington* v. *District Court*, 60 P.R.R. 254 (1942), in which we reiterate that absence of the prosecuting witness might be sufficient ground for postponement provided the following requisites are complied with: (a) that the witness is really material and appears to the court to be so; (b) that the party who applies for postponement has not been guilty of negligence; and (c) that the witness can be had at the time to which the trial has been deferred. From a brief recital of the course of the proceedings stated above it is clear that the circumstances differ in both cases. There is no doubt that the testimony of the prosecuting witness was material to establish the offense of assault with intent to commit murder, and were there any doubts about it, it would suffice to read his testimony at the trial. On the other hand, there was nothing the district attorney could do to obtain the appearance of said witness in court because his absence was due to the fact that he was confined in the hospital. And finally, although a hearing was not set immediately, it was made contingent to the availability of the prosecuting witness, and as a matter of fact, the hearing was set promptly and diligently as soon as he was discharged. Furthermore, counsel for the defense was present when application for postponement was made and he made no objection. In view of the foregoing it may be construed as if he agreed because of the cogent reasons given by the district attorney and therefore waived any benefit which he could invoke under the provisions of § 448 of the Code of Criminal Procedure. *Cf. People* v. *Díaz*, 60 P.R.R. 528 (1942); *People* v. *Ortiz*, 51 P.R.R. 367 (1937); *People* v. *Balzac*, 56 P.R.R. 622 (1940).

██ The other errors assigned [1] do not require serious consideration, because (a) as to the evidence the admissibility

---

[1] Said errors are as follows:

"THIRD ERROR: The court erred in fact and by law in admitting evidence of acts which occurred on June 12, 1959, in which the defendant herein had no part.

"FOURTH ERROR: The court erred in fact and by law in admitting

of which is objected, the same was admissible to establish the motive of the acts, that is, the motive of the accused to attempt to murder the prosecuting witness (*People* v. *Piazza*, 60 P.R.R. 561 (1942); *People* v. *Marchand*, 53 P.R.R. 640 (1938); *People* v. *Pastrana*, 50 P.R.R. 803 (1937)); (*b*) the charge of lack of evidence to the effect that defendant was driving the vehicle with which the crime was committed is not supported by the transcript of the evidence, an examination of which shows that said fact was duly established; and (*c*) as to the refusal to give certain instructions and to enlarge others the former were obviously included in the general instructions (*People* v. *Fournier*, 80 P.R.R. 376 (1958); *People* v. *Jiménez*, 78 P.R.R. 7 (1955); *People* v. *López*, 77 P.R.R. 573 (1955)), and those given to the jury were clear and sufficient.

The judgment rendered by the Superior Court, Mayagüez Part, on January 29, 1960, will be affirmed.

said evidence of acts committed on June 12, 1959, as motive in relation to the acts charged against the defendant without having evidence that the defendant-appellant had knowledge thereof, and that he was moved to act by the same.

"FIFTH ERROR: The court erred in fact and by law in convicting the accused without evidence that he was driving the vehicle when the accident occurred.

"SIXTH ERROR: The court erred in fact and by law in refusing to give the special instructions requested and enlarging some of those already given, as alleged immediately after the instructions were given. (See Tr. Ev. 341 *et seq.*)"